IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**VINCENT FREDERIC DIAL,**

    Plaintiff,

v.                                                   Civil Action No. **3:08CV681**

**CARLETHIA VINCENT,**

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff, a Virginia inmate, brings this 42 U.S.C. § 1983 action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 636(b) and 1343(a)(3).

### Preliminary Review

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356

(1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle only applies to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs can not satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d

270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Allegations and Claims

On May 11, 2007, Plaintiff mailed a state petition for a writ of habeas corpus to the Circuit Court for the City of Portsmouth ("the Circuit Court"). By Order entered on July 9, 2008, the Circuit Court dismissed Plaintiff's petition for a writ of habeas corpus. On September 5, 2008, Plaintiff received a copy of the July 9, 2008 Order. On September 11, 2008, Plaintiff mailed a notice of appeal to the Circuit Court.

On September 16, 2008, Plaintiff received a letter from the Clerk's Office for the Supreme Court of Virginia. The letter informed Plaintiff that his notice of appeal was not timely.

Plaintiff names as Defendant Carlethia Vincent, the Clerk for the Circuit Court. Plaintiff contends that Defendant's delay in mailing a copy of the July 9, 2008 Order deprived him of his right to appeal the Circuit's Court's denial of his state petition for a writ of habeas corpus. Essentially, Plaintiff contends that Defendant's actions denied him reasonable access to the courts in violation of the Constitution.

### Analysis

Inmates have a constitutional right to reasonable access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 351-53 (1996); *Bounds v. Smith*, 430 U.S. 817, 838 (1977). Of course, the right of access to the court "is ancillary to the underlying claim, without which a plaintiff cannot have

suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Thus, in order to plead a backward looking denial of access to the courts claim, a plaintiff must identify, with specificity, a non-frivolous legal claim that the defendant's actions prevented him from litigating. *Id.* at 415-16; *Lewis*, 518 U.S. at 353 n.3. Accordingly, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued." *Christopher*, 536 U.S. at 417 (internal footnote omitted). "[T]he predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id.* at 416.

Here, Plaintiff has made no effort to state the underlying habeas claims that he was precluded from appealing. That deficiency warrants the dismissal of his complaint for failure to state a claim. *Id.* at 418. Moreover, this Court's records reflect that Defendant's actions did not prevent Plaintiff from pursuing any nonfrivolous or arguable claims. *See Clay*, 809 F. Supp. 427-28 (citing cases for the proposition that courts may look to their own records in assessing whether a case is frivolous). Plaintiff's underlying habeas action was filed in the Circuit Court, which determined that the action was barred by the relevant state statute of limitations. *See Dial v. Johnson*, 3:09cv00004, 2009 WL 1809981, at *1-3 (E.D. Va. June 24, 2009). Plaintiff did not advance any arguable basis for challenging the Circuit Court's conclusion that his state habeas was not timely. *See id.* at *3 n.4. Thus, it appears that Plaintiff cannot demonstrate Defendant's belated transmission of the Circuit Court's July 9, 2008 Order frustrated an arguable or nonfrivolous claim. *See Sheid v. U.S. Marshal Serv.*, No. 4:08cv03295, 2009 WL 1750379, at *10 (S.D. Tex. June 17, 2009) (concluding inmate failed to state claim for denial of access to the courts where the alleged injury concerned the impairment of the ability to file a petition for a writ

of certiorari on a federal habeas petition that was barred by the statute of limitations); *Kennedy v. Lockett*, No. 1:08cv00169, 2009 WL 1635923, at *8 (S.D. Ala. June 8, 2009) (concluding impairment of ability to litigate a procedurally barred state collateral attack could not support actual injury requirement); *Jones v. Strong*, No. 2:07cv00693, 2008 WL 2704758, at *2 (S.D. Ala. July 7, 2008); *cf. Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (concluding action that was clearly barred by statute of limitations was properly termed to be frivolous). Accordingly, because Plaintiff has failed to allege that he sustained an actual injury to nonfrivolous litigation, it is RECOMMENDED that his claims be DISMISSED.

Plaintiff is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to timely file specific objections to the Report and Recommendation may result in the entry of an Order dismissing his claims. *See* Fed. R. Civ. P. 72(b). It may also preclude further review or appeal from such judgment. *See Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

If Plaintiff wishes to file an amended complaint to correct the deficiencies described above, he must submit an amended complaint within fourteen (14) days of the date of entry hereof. *See Williams v. Wilkerson*, 90 F.R.D. 168 (E.D. Va. 1981). Such complaint must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to each claim against each defendant. Plaintiff must also state what civil rights he believes each defendant violated and explicitly state how said defendant's actions violated each constitutional

right. Any amended complaint will supplant his current complaint and all prior submissions. The amended complaint must stand or fall of its own accord.

    The Clerk is DIRECTED to send a copy of the Report and Recommendation to Plaintiff.

    And it is so ORDERED.

                                                              /s/
                                      M. Hannah Lauck
                                      United States Magistrate Judge

Date: DEC - 8 2009
Richmond, Virginia